USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/10/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER LIVANIS,

                        Plaintiff,

– against –

ALIBABA GROUP HOLDING LIMITED, JACK YUN MA, JOSEPH C. TSAI, JONATHAN ZHAOXI LU, MAGGIE WEI WU,

                        Defendant.

**OPINION AND ORDER**

15 Civ. 3124 (ER)

Ramos, D.J.:

*Pro se* plaintiff Christopher Livanis ("Livanis") commenced this action on April 21, 2015. Doc. 1. In the complaint, Livanis alleges as the only basis for federal question jurisdiction, that defendants violated his first amendment rights. *Id.* A summons was issued for each defendant on the same day. On August 14, 2015, Livanis submitted a letter indicating that he attempted to effect service on all the defendants through the Corporation Service Company ("CSC"). Doc. 3 at 1-2. The submission, however, included a letter from CSC in which it stated it could not accept process for Defendant Alibaba Holding Group Limited ("Alibaba") because, according to the Secretary of State, "[Alibaba] is not qualified to do business in the jurisdiction served." *Id.* In his submission, in an apparent effort to prove that service of process on Alibaba through CSC was appropriate, Livanis also included what appears to be an SEC filing by Alibaba indicating that CSC was the appointed agent to receive service of process for actions against Alibaba in "the United States District Court for the Southern District of New York under the *federal securities laws* of the United States." *Id.* at 3 (emphasis added). However, Livanis' only asserted basis of jurisdiction in the instant action—the violation of his first amendment rights—

clearly does not fall under the federal securities laws. Livanis further directed this Court's attention to *Khunt v. Alibaba Group Holding Ltd.*, No. 15 Civ. 759 (S.D.N.Y.), where service was effected on the same defendants named in this action through serving CSC. Nevertheless, the asserted basis for jurisdiction in 15 Civ. 759 were the violations of the Securities Exchange Act of 1934, which fall squarely under the federal securities laws. *See generally Khunt v. Alibaba Group Holding Ltd.*, 102 F.Supp. 3d 523 (S.D.N.Y. 2015).

Livanis' last communication with this Court in the instant action was his letter on November 17, 2016, suggesting that the summons attached to his August 14, 2015 letter was missing its back page. As such, nowhere in the record is there an indication that Livanis effected service on any of the defendants. The time period for service of the summons and amended complaint expired on August 19, 2015. To date, none of the defendants has been served and Livanis has not requested an extension of time to serve. In fact, there has been no docket activity in this case and this Court has not received any further communication from Livanis since November 17, 2016.

Accordingly, the above-caption action is dismissed without prejudice for failure to effect service, Fed. R. Civ. P. 4(m), and for failure to prosecute, Fed. R. Civ. P. 41(b). The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 10, 2019
New York, New York

Edgardo Ramos, U.S.D.J.

2